**Jamal GREEN, Petitioner–Appellant,**

v.

**James WALSH, Superintendent, Respondent–Appellee.**

No. 10–3353–pr.

United States Court of Appeals, Second Circuit.

Feb. 29, 2012.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Leilani Rodriguez, Assistant Solicitor General, New York, N.Y. (Eric T. Schneiderman, Attorney General of the State of New York; Barbara Underwood, Solicitor General; and Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, on the brief), for Respondent–Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, RALPH K. WINTER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Jamal Green appeals the District Court's decision denying his motion to vacate an earlier judgment, which denied his petition for habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Green brought his motion to vacate under Rule 60(b)(5) of the Federal Rules of Civil Procedure, which provides: "On motion and just terms, the court may relieve a party. from a final judgment, order, or proceeding" if, *inter alia*, "(5) the judgment ... is based on an earlier judgment that has been reversed or vacated...."

We review the denial of a Rule 60(b) motion for abuse of discretion. *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991) (citing *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). Our review is "limited," however, *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and we look at "only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Branum*, 927 F.2d at 704 (citing *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. 556). Green has not shown that the district court abused its discretion.

Green's initial habeas petition challenged his state conviction. He contends that the state judgment was vacated when his original sentence was vacated and his case remanded for an evidentiary hearing. Even if this were so, Rule 60(b)(5) did not compel the district court to provide relief. Green's motion provided no explanation as to what permissible grounds for habeas

relief he would raise if the district court's earlier judgment (denying his habeas petition) were vacated. Absent that, Green has failed to present a motion raising "just terms" for relief, Fed.R.Civ.P. 60(b), to demonstrate how the district court abused its discretion, or to establish that the new habeas proceeding he seeks would raise any new issues that have not already been considered and rejected by the district court, *see* 28 U.S.C. § 2254(d) (identifying limited bases upon which a state prisoner can obtain habeas relief).

Moreover, Green has not shown how the district court's initial decision denying Green's habeas petition was "based on" the earlier state judgment. Fed.R.Civ.P. 60(b)(5). Green had collaterally attacked that judgment via habeas, and the district court rejected that challenge.

Finally, Green has forfeited any argument that the district court should have *sua sponte* construed his Rule 60(b) motion as a new habeas petition by presenting that argument for the first time in his reply brief. *See Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n. 13 (2d Cir. 2010). In any event, we cannot conclude that the district court was required to construe the motion as such when Green provided no basis to believe that a new habeas proceeding would afford him relief.

We have considered all of Green's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.